UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSA ROJAS, et al.,

          Plaintiffs,

    v.

HAMM, et al.,

          Defendants.

Case No. 18-cv-01779-WHO

**ORDER GRANTING MOTION OF STATE COMPENSATION INSURANCE FUND FOR LEAVE TO INTERVENE**

Re: Dkt. No. 49

The State Compensation Insurance Fund ("State Fund") moves to intervene in this case pursuant to Federal Rule of Civil Procedure 24(a). It seeks to recover benefits paid to the decedent's estate and/or his dependents through a workers' compensation claim related to the underlying injury in this action. Because I could not find a reported decision in the Ninth Circuit that addresses this issue, I write to explain why the motion should be granted.

## BACKGROUND

This case arises from the death of Maurillo Rojas when he was working as a "spotter" for a construction project in San Francisco. Complaint ("Compl.") ¶¶ 13-14, attached as Exhibit A to Notice of Removal [Dkt. No. 1]. On January 28, 2016, Rojas was crushed by a steamroller manufactured by Hamm, distributed by Wirtgen America Inc. ("Wirtgen"), and rented by Sunbelt Rentals Inc. ("Sunbelt Rentals"). *Id.* at ¶¶ 13-17. He would later die from his injuries. *Id.* at ¶ 16. His spouse and children (the "Rojas Plaintiffs") filed suit against defendants for strict product liability, negligence, negligent failure to warn or instruct, negligent bailment, wrongful death, negligent hiring, training and supervision, and a survival cause of action.[1] *Id.* at ¶¶ 17-89. On

---

[1] Plaintiffs originally named Esquivel Grading & Paving, Inc. as a defendant but they have been voluntarily dismissed.

December 5, 2018, I stayed merits discovery over concerns that it would be hamstrung by an ongoing related criminal investigation because a number of fact witnesses are facing criminal indictment and the witnesses' Fifth Amendment privilege would interfere with regular discovery. Civil Minutes [Dkt. No. 45].

State Fund now moves to intervene. Memorandum of Points and Authorities in Support of State Compensation Insurance Fund's Motion to Intervene ("Mot.") [Dkt. No. 49]. The Fund is a non-profit public entity fund of the State of California and is the workers' compensation insurer for LC General Engineering & Construction ("LC General"). *Id.* at 2. Maurillo Rojas' injury and eventual death, arose out of, and in the course of, his employment with LC General. *Id.* To date, State Fund represents that it has paid $308,378.48 in benefits to and/or for the benefit of Maurillo Rojas and/or his dependents through a worker's compensation claim related to his death. *Id.* at 3.

Defendants do not oppose the motion as long as State Fund is aligned as a plaintiff, rather than as a defendant. Response to Wirtgen America to Motion of State Compensation Insurance Fund for Leave to Intervene ("Wirtgen Resp.") [Dkt. No. 52]; Defendant Sunbelt Rentals, Inc.'s Notice of Joinder to Response of Wirtgen America to Response of State Compensation Insurance Fund for Leave to Intervene [Dkt. No. 53]. Were State Fund to be aligned as a defendant, it would destroy diversity. State Fund also seeks to be aligned as a plaintiff in this suit. Mot.; Reply of State Compensation Insurance Fund to Response to Motion to Intervene ("Reply") [Dkt. No. 55]. The Rojas Family has not filed a response to State Fund's motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 24 provides for both intervention as a matter of right and permissive intervention. Under Rule 24(a), a party may intervene as a matter of right if (i) a federal statute gives it an unconditional right to intervene, or (ii) the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). In deciding whether intervention as of right is appropriate, the Ninth Circuit is "guided primarily by practical and equitable considerations" and "generally interpret[s] the requirements broadly in

favor of intervention." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

Permissive intervention, governed by Rule 24(b), provides that the court may permit a party to intervene if (i) there is a conditional right to intervene provided in a federal statute, (ii) the party's claim or defense shares a "common question of law or fact" with the main action, and (ii) the intervention will not unduly "delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). "In ruling on a motion to intervene, a district court is required to accept as true the non-conclusory allegations made in support of [the] intervention motion." *Koike v. Starbucks Corp.*, 602 F.Supp.2d 1158, 1160 (N.D. Cal. 2009) (internal quotations omitted).

## DISCUSSION

## I.  CALIFORNIA STATUTORY LAW

Under California law, an employer who has paid worker's compensation benefits for injuries to an employee by a negligent third party has three options to recoup such benefits: "He may bring an action directly against the third party (Lab. Code, § 3852), he may join as a plaintiff in the employee's action or intervene therein (Lab. Code, § 3853), or he may claim a lien on the employee's recovery (Lab. Code, § 3856, subd. (b))." *Carden v. Otto*, 37 Cal. App. 3d 887, 891 (Cal. Ct. App. 1974) (internal citations omitted). This applies to death benefits as well. *Fremont Comp. Ins. Co. v. Sierra Pine*, 121 Cal. App. 4th 389, 396 (Cal. Ct. App. 2004) (*citing* Cal. Lab. Code § 3207. Under Cal. Lab. Code § 3850(b), an insurer is considered an employer. Under Cal. Ins. Code § 11662, an insurer may enforce its subrogated rights in its own name. Subrogated insurers have an unconditional right to intervene "at any time before trial on the facts." *Mar v. Sakti Internat. Corp.*, 9 Cal. App. 4th 1780, 1785 (Cal. Ct. App. 1992).

This comprehensive statutory scheme provides for intervention as a matter of right under Cal. Civ. Pro. § 387(d)(1)(A), which permits intervention when a "provision of law confers and unconditional right to intervene." If this case was in California state court, there is no question that State Fund would be permitted to intervene. But because this case is in federal court and jurisdiction is based on diversity, I must apply state substantive law and federal procedural law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("Under the Erie doctrine, federal courts sitting in *1129 diversity apply state substantive law and federal procedural law.").

California Code of Civil Procedure section 387 is the state analogue to Federal Rule of Civil Procedure 24(a)(1), which provides for intervention as of right if the intervenor "is given an unconditional right to intervene by a *federal statute*[.]" (emphasis added). Nevertheless, other federal courts have found that similar comprehensive state statutory schemes provide for intervention as of right by subrogated insurers in federal court, and I do here as well. *See e.g. Smith Petroleum Serv., Inc. v. Monsanto Chem. Co.*, 420 F.2d 1103, 1114-15 (5th Cir. 1970); *Black v. Texas Emp. Ins. Ass'n*, 326 F.2d 603, 604 (10th Cir. 1964). In order to effectuate California's substantive workers' compensation statutory scheme, I find that State Fund may intervene as a matter of right.

## II.    FEDERAL PROCEDURAL LAW

### A.    The Factors Under Federal Rule of Civil Procedure 24(a)(2)

Even if the California substantive laws discussed above do not provide for intervention as of right, State Fund meets the requirements for intervention under Fed. R. Civ. P. 24(a)(2). A party seeking to intervene under Rule 24(a)(2) must satisfy four requirements. *United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010). First, the motion must be timely. *Id.* Second, it "must claim a 'significantly protectable interest relating to the property or transaction which is the subject of the action." *Id.* (internal quotation omitted). Third, it "must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest." *Id.* (internal quotation omitted). Finally, the party's interest must be inadequately represented by the other parties to the action. *Id.* (internal quotation omitted).

State Fund easily meets the second, third, and fourth factors identified in Fed R. Civ. P. 24(a)(2). The second factor is met because State Fund has a significantly protectable interest in the $308,378.48 in benefits to and/or for the benefit of Maurillo Rojas and/or his dependents. Mot. at 3. The third and fourth factors are implicated by Wirtgen's ninth affirmative defense for employer negligence. Wirtgen America, Inc.'s Answer to Complaint for Damages and Affirmative Defenses at ¶ 11, attached as Exhibit A to Notice of Filing of Supplemental Documents from State Court Record [Dkt. No. 18]. When a claim of employer negligence is alleged in an answer, an insurer may no longer be able to rely on its lien rights. *Aetna Cas. & Sur.*

*Co. v. Superior Court*, 20 Cal. App. 4th 1502, 1508 (Cal. App. Ct. 1993). Once an employer negligence defense is claimed, a conflict of interest between plaintiff and the insurer arises because the insurer's recovery may be offset by the employer's negligence. *Id.* at 1508-09. The amount due the insurer becomes a subject of dispute and the insurer cannot expect the employee to argue on its behalf during negotiations or at trial. *Id.* at 1508-09 (internal citations omitted). Accordingly, the third factor is satisfied because if State Fund is not able to intervene, disposition of this suit may impair or impede its interest in recovering the amount it has paid in benefits. The fourth factor is satisfied because the Rojas Family will not adequately represent State Fund's interest in determining the precise amount, if any, that the employer's negligence contributed to the injury at the heart of this suit.

### B.    Timeliness

The remaining issue is timeliness. "Timeliness is determined with reference to three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Peruta v. Cty. of San Diego*, 771 F.3d 570, 572 (9th Cir. 2014) (quoting Rule 24) (internal quotation marks omitted).

State Fund asserts that the first factor weighs in its favor because this action is still at an early stage: merits discovery is stayed, and the existing parties have been directed to propose a new litigation and discovery schedule. Mot. at 8-9. New discovery timelines and a new trial date will be set. *Id.* The first factor suggests that intervention is timely.

Addressing the second factor, State Fund contends that intervention will not prejudice the other parties because it will not create additional delay or the re-opening of discovery. *Id.* at 9-10. State Fund argues that timeliness should be measured between the date it was notified of Wirtgen's employer negligence defense (on or around August 06, 2018) and the order to stay merits discovery on December 05, 2018. *Id.* (*citing Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 934 F.2d 1092, 1095 (9th Cir. 1991) ("In analyzing timeliness, however, the focus is on the date the person attempting to intervene should have been aware his 'interest[s] would no longer be protected adequately by the parties,' rather than the date the person learned of the litigation."). It asserts that after merits discovery was stayed, no existing party

could have made any progress on the merits and earlier intervention would not have made a difference.  *Id.*  It also contends that it was not required to intervene prior to formal notification of the employer negligence defense.  *Id.* (*citing Carden v. Otto*, 37 Cal. App. 3d 887, 897 (Cal. Ct. App. 1974)).  I agree.  As none of the other parties have argued that they will be prejudiced, the second factor also weighs in favor of timeliness.

Turning to the third factor, State Fund represents that it did not immediately intervene in order to conduct an investigation into whether intervention was warranted based on Wirtgen's employer negligence defense.  *Id.* at 10.  It claims that its investigation was stalled by the related criminal actions and that it was no longer able to rely on its usual methods of communication and information exchange with its insured.  *Id.*  Additionally, it believed that discovery would likely be stayed.  *Id.*  Taken together, I find State Fund's reason for its delay to be justified.  State Fund's motion to intervene is timely.

Because State Fund meets the requirements for intervention as of right under Fed. R. Civ. P. 24(a), its motion to intervene is granted for this reason as well.

### III.     ALIGNMENT AS PLAINTFF OR DEFENDANT

The only remaining question is whether State Fund should be aligned as a plaintiff or defendant for jurisdictional purposes.  State Fund, Wirtgen, and Sunbelt Rentals all agree that State Fund should be aligned as a plaintiff in this suit.  [Dkt. Nos. 52, 53, 55].

State Fund styles itself as a "Plaintiff in Intervention" in its proposed complaint. [Proposed] Complaint in Intervention for Damages attached as Exhibit A to Mot.  [Dkt. No. 49]. But the "courts, not the parties, are responsible for aligning the parties according to their interests in the litigation."  *Dolch v. United California Bank*, 702 F.2d 178, 181 (9th Cir. 1983) (*citing Indianapolis v. Chase National Bank*, 314 U.S. 63, 69 (1941).  The Ninth Circuit applies a "primary purpose" test to determine whether realignment is appropriate and vests the court with responsibility to align "those parties whose interests coincide respecting the 'primary matter in dispute.' "  *Prudential Real Estate Affiliates v PPR Realty*, 204 F3d 867, 873 (9th Cir. 2000) (*citing Continental Airlines v Goodyear Tire & Rubber Co.*, 819 F2d 1519, 1523 (9th Cir. 1987)). "Realignment may be required even if a diversity of interests exists on other issues."  *Dolch*, 702

F.2d at 181.

I agree with the parties that State Fund should be aligned as a plaintiff. Its primary purpose is the same as the Rojas Plaintiffs, to maximize recovery against Hamm, Wirtgen, and Sunbelt Rentals for their alleged role in the death of Maurillo Rojas. The Rojas Plaintiffs and State Fund may have competing interests in how to divide any potential recovery from the defendants, but they are both in alignment in their primary purpose of prevailing against the defendants. While Wirtgen's employer negligence defense creates some diversity of interest between the Rojas Plaintiffs and State Fund, it does not change their alignment on the primary matter in dispute. If Wirtgen is successful in its employer negligence defense, it may offset State Fund's recovery, but that issue is collateral to the goal of maximizing recovery against the defendants and does not require State Fund to be aligned as a defendant.

In similar cases, other federal courts have aligned employers and workers compensation funds as plaintiffs. *See e.g. Martin v. Glob. Experience Specialists, Inc.*, No. 13-cv-07749, 2014 WL 2598788, at *3 (N.D. Ill. June 10, 2014) (aligning employer with plaintiff because both parties sought to maximize recovery from defendant); *Lund v. Universal Furniture Indus., Inc.*, No. 07-cv-237, 2007 WL 5595963, at *1 (W.D. Wis. June 11, 2007) (same); *Dushane v. Gallagher Kaiser Corp.*, No. 05-cv-0171, 2005 WL 1959151, at *6 (W.D. La. Aug. 10, 2005) (same). I find that State Fund is properly aligned as a plaintiff in this action.

## CONCLUSION

State Fund's motion to intervene is granted. State Fund shall be aligned as a plaintiff for the purposes of this action.

**IT IS SO ORDERED.**

Dated: April 5, 2019

William H. Orrick
United States District Judge